**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

CAROL ANN NORTON                                        Case No.  06-30893

        Debtor

**MEMORANDUM ON EXPEDITED MOTION FOR EXTENSION
OF TIME UNDER §521 FOR PROPERTY TO REMAIN PROPERTY
OF THE ESTATE, TO EXTEND THE STAY, FOR TURN-OVER
OF SECURED PROPERTY AND FOR CASE TO REMAIN OPEN**

**APPEARANCES:**    HAGOOD, TARPY & COX, PLLC
    T. Lynn Tarpy, Esq.
    Suite 2100 Riverview Tower
    900 South Gay Street
    Knoxville, Tennessee  37902
    Attorneys for Debtor

    ANN MOSTOLLER, ESQ.
    136 South Illinois Avenue
    Suite 104
    Oak Ridge, Tennessee  37830
    Chapter 7 Trustee

    RICHARD F. CLIPPARD, ESQ.
    UNITED STATES TRUSTEE
    Patricia C. Foster, Esq.
    800 Market Street
    Suite 114
    Knoxville, Tennessee  37902
    Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Expedited Motion for Extension of Time Under §521 for Property to Remain Property of the Estate, to Extend the Stay, for Turn-Over of Secured Property and for Case to Remain Open (Motion) filed by Ann Mostoller, Chapter 7 Trustee, on June 22, 2006, asking the court for the following relief: (1) extend the time in which the Debtor must perform her stated intentions with respect to secured personal property as required under 11 U.S.C. § 521(a)(2) and (6) (2005); (2) grant the Debtor additional time to provide tax returns to the Trustee as required by 11 U.S.C. § 521(e)(2)(A)(i) (2005);[1] (3) decline dismissing the case pursuant to 11 U.S.C. § 521(i)(4) (2005)[2] for the Debtor's failure to file the payment advices required by 11 U.S.C. § 521(a)(1) (2005) within 45 days after the date of the filing of her petition; (4) allow the estate to retain assets even though the Debtor has not performed her statement of intentions within the time required by 11 U.S.C. § 521(a)(6) or 11 U.S.C. § 362(h) (2005), with respect to such assets; and (5) direct the Debtor to turn over property to the Trustee. A hearing on the Motion was held on July 13, 2006, at which time the court reserved its decision as to the issues presented. The only parties attending the hearing were the Trustee and United States Trustee.

---

[1] In the Motion, the Trustee erroneously references § 521(e)(2)(i).

[2] In the Motion, the Trustee erroneously references § 521(h)(4), which does not exist.

Notwithstanding that the Motion is general and does not state "with particularity the grounds therefor,"[3] the court will, in this instance, address the issues raised in an effort to provide guidance to the Trustee.

# I

The Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case on May 2, 2006. On that date, she also filed the Chapter 7 Individual Debtor's Statement of Intention (Statement of Intention), stating that she was surrendering to CIT its collateral consisting of a commercial building, 100% of the Debtor's interest in Carol Ann's, Inc., and a 2-acre lot in Gurley, Alabama. The Statement of Intention also provides that "Debtor will retain collateral and continue to make regular payments" to Tennessee Bank and Washington Mutual with respect to real property located at 8742 Wimbledon Drive, Knoxville, Tennessee (Residence), and to Knoxville TVA Employees Credit Union (Credit Union) on a 2001 PT Cruiser (PT Cruiser). The Debtor's statements and schedules value the Residence at $172,000.00, subject to liens in the aggregate amount of $187,000.00, and the PT Cruiser at $4,500.00, subject to a lien in the amount of $1,900.00. She has claimed an exemption in the PT Cruiser in the amount of $2,389.00.

The Trustee filed the Motion on June 22, 2006, requesting additional time to investigate the Debtor's case more closely to determine if there are unencumbered, non-exempt assets, unperfected

---

[3] Rule 9013 of the Federal Rules of Bankruptcy Procedure provides in material part:

A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

FED. R. BANKR. P. 9013.

liens, and/or assets available for liquidation, arguing that doing so is in the best interests of creditors. An Order was entered on June 23, 2006, setting the Motion for hearing on July 13, 2006.[4] The Order, which was served on all creditors and parties in interest on June 25, 2006, also required the Trustee to file an amended certificate of service, certifying service of the Motion on all affected parties and directed any party desirous of filing a response the opportunity to do so by July 10, 2006. The Trustee filed an Amended Certificate on June 29, 2006, certifying service of the Motion on the United States Trustee, the Debtor's attorney, CIT, and the Credit Union. No party in interest filed a response.

## II

The Trustee first asks the court to extend the time within which the Debtor must perform her Statement of Intention with respect to secured personal property under § 521(a)(2). Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), debtors have responsibilities and requirements that, if not followed, will result in the automatic stay being terminated with respect to certain property of the estate. Section 521(a)(2) states as follows:

(a) The debtor shall—

. . . .

(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of

---

[4] Although she did not, the Trustee should have utilized the notice of hearing procedures mandated by Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee. The court, nevertheless, chose not to summarily deny the Motion.

> creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>
> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
>
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)[.]

11 U.S.C. § 521(a)(2).

As it relates to § 521(a)(2) and this case, § 362(h) provides, in material part:

(h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722 [or] enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . .; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

> (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h).

In summary, unless extended by the court, § 521(a)(2)(A) requires an individual debtor to file a statement of intentions "within thirty days after" the bankruptcy filing or "on or before the date of the meeting of creditors," whichever is earlier, specifying whether property will be retained through redemption or reaffirmation or will be surrendered. Section 521(a)(2)(B) then requires a debtor to perform the stated intention within thirty days after the first scheduled meeting of creditors unless the court grants an extension that was sought during the original thirty-day performance period. Pursuant to § 362(h)(1), if a debtor fails to comply with both subsections of § 521(a)(2) with respect to personal property, and the failure to comply is not due to a creditor refusing to agree to a reaffirmation under the original contract terms, the automatic stay is terminated, and the personal property is no longer property of the estate.

There is a caveat, however, found within § 362(h)(2). The automatic stay will not terminate, and property will remain in a debtor's bankruptcy estate if the Chapter 7 trustee files a motion "before the applicable time set by section 521(a)(2)," and the court determines, after notice and a

hearing, that the affected personal property is "of consequential value or benefit to the estate." 11 U.S.C. § 362(h)(2).[5] The statute does not expressly state which of the § 521(a)(2) deadlines controls.

In this case, the Debtor filed the Voluntary Petition commencing her Chapter 7 case on May 2, 2006, and June 6, 2006, was the first date set for her meeting of creditors. Pursuant to § 521(a)(2)(A), the Debtor was required to file a statement of intentions expressly stating, with respect to her encumbered real and personal property, whether she would be surrendering or retaining such property by redemption or reaffirmation no later than thirty days from the date upon which she filed her petition, or June 1, 2006. Then, pursuant to § 521(a)(2)(B), the Debtor was required to perform her statement of intention no later than thirty days after the first date scheduled for her meeting of creditors, or not later than July 6, 2006.[6] Pursuant to § 362(h), if the Debtor failed to comply with both subsections of § 521(a)(2) by failing to file her statement of intention, failing to specify her intended treatment in the statement of intention, and failing to timely perform the stated intention, the automatic stay would terminate by operation of law "with respect to personal property of the estate," and the affected personal property would cease to be property of the estate. Accordingly, the Debtor had until June 1, 2006, to file a statement of intention specifying her desired intentions with respect to her property, and she had until July 6, 2006, to perform under the statement of intention as to personal property.

---

[5] This section also requires "appropriate adequate protection of the creditor's interest" and contains a directive that the collateral be turned over to the trustee.

[6] The court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that as of July 7, 2006, the Debtor had not filed either a motion to redeem or a reaffirmation agreement with respect to the PT Cruiser, nor has she filed either as of the date of this Memorandum.

7

Pursuant to § 521(a)(2) and § 362(h), the automatic stay would have terminated by operation of law on July 7, 2006, but only as to the PT Cruiser. However, the Trustee filed her Motion on June 22, 2006. Albeit this was fifty-one days after the Debtor filed her petition, and thus presumably outside the time limit imposed by § 521(a)(2)(A),[7] it was sixteen days prior to the § 521(a)(2)(B) statement of intention performance deadline of July 6, 2006. Section 362(h) does not expressly state which of the two § 521(a)(2) deadlines applies; however, because subsections (A) and (B) of § 362(h)(1) are in the conjunctive, thus requiring that both subsections (A) and (B) of § 521(a)(2) be met prior to termination of the automatic stay, the court finds the § 521(a)(2)(B) deadline to be determinative, since § 362(h)(1) cannot be triggered until the expiration of that particular deadline. As such, the Trustee's Motion was timely and precluded termination of the automatic stay on July 7, 2006, until after the court's resolution of the Motion.

The Trustee did not introduce any proof at the July 13, 2006 hearing with respect to the value of the PT Cruiser, but based upon the Debtor's statements and schedules and the Credit Union's proof of claim, the court determines that the PT Cruiser is of consequential value or benefit to the Debtor's estate, thus precluding application of the stay termination provisions of § 362(h)(1). On her Schedule D, the Debtor values the PT Cruiser at $4,500.00, subject to a lien in the amount of $1,900.00. However, the Credit Union filed a proof of claim on June 6, 2006, in the minimal amount of $497.34, and while it does not provide a value for the PT Cruiser, the attached

---

[7] Section 521(a)(2)(A)'s requirement that the statement of intentions must be filed "within thirty days after" the bankruptcy filing or "on or before the date of the meeting of creditors" is ambiguous because creditors meetings are often continued from the originally scheduled date. This ambiguity is not continued to § 521(a)(2)(B) where the requirement is that the statement of intentions must be performed within thirty days after the "first date set for the meeting of creditors." Given the ambiguity in § 521(a)(2)(A), the court concludes that the "thirty days after the filing of a petition" will be determinative of the time lines of a debtor's filing of his or her statement of intentions.

documentation evidences an original loan amount of $24,741.21 on May 29, 2001. Per the Debtor's Schedule C, she has claimed an exemption in the PT Cruiser in the amount of $2,389.00 which has not been objected to by the Trustee. Accordingly, based upon the documents filed in the Debtor's case, the PT Cruiser is valued at $4,500.00, less the Credit Union's claim of $497.34, less the Debtor's exemption of $2,389.00, leaving apparent equity of $1,613.66.

Having determined that the PT Cruiser is of consequential value, § 362(h)(2) also requires that the court order appropriate adequate protection of the Credit Union's interest and order the Debtor to deliver the vehicle to the Trustee.

Adequate protection safeguards a secured creditor's interest in its depreciating collateral during the pendency of the automatic stay. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 108 S.Ct. 626, 630 (1988). In addition to the statutory forms specified in 11 U.S.C. § 361 (2005), adequate protection is also accomplished through the existence of an "equity cushion," which is defined as "the value in the property, above the amount owed to the [secured] creditors . . ., that will shield that interest from loss due to any decrease in the value of the property during [the] time the automatic stay remains in effect." *Sumitomo Trust & Banking Co. v. Holly's Inc. (In re Holly's Inc.)*, 140 B.R. 643, 697 n.87 (Bankr. W.D. Mich. 1992) (quoting *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984)). "While an equity cushion is generally considered prima facie evidence of adequate protection, the absence of an equity cushion does not establish the converse . . . . the concept of adequate protection was not designed or intended to place an undersecured or minimally secured creditor in a better post-filing petition [sic] that it was in before the stay." *In re Planned Sys., Inc.*, 78 B.R. 852, 865 (Bankr. E.D. Ohio 1987) (quoting

*United States v. Smithfield Estates, Inc. (In re Smithfield Estates, Inc.)*, 48 B.R. 910, 914-15 (Bankr. D.R.I. 1985)).

Because the Credit Union's claim is $497.34, and the Debtor valued the PT Cruiser at $4,500.00, the court finds the Credit Union to be adequately protected by an equity cushion of almost $4,000.00. Additionally, the Debtor will be directed to immediately deliver possession of the PT Cruiser to the Trustee.

The Trustee also requested an extension of time pursuant to 11 U.S.C. § 521(a)(6), which provides as follows:

(a) The debtor shall—

> . . . .
>
> (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either—
>
>> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>>
>> (B) redeems such property from the security interest pursuant to section 722.
>
> If the debtor fails to act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate

> protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee[.]

11 U.S.C. § 521(a)(6).

As an initial matter, based upon the statutory language of § 521(a)(6), BAPCPA extinguished the "ride-through" option, by which some courts allowed debtors to keep their secured property without reaffirming or redeeming, as long as they made their regular contract payments. *See Garske v. Arcadia Fin., Ltd. (In re Garske)*, 287 B.R. 537, 542 (B.A.P. 9th Cir. 2002).[8] Although the "ride-through" was not a statutory pre-BAPCPA alternative, those courts considered this a "fourth option" concerning treatment of a debtor's property, along with redemption, reaffirmation, and surrender. Nevertheless, "Congress by amending §§ 521 and 362 intended to and was successful in eliminating the 'fourth option,' under which a Chapter 7 individual debtor having possession of personal property subject to a purchase money lien by performing all obligations under the security agreement and note could retain the property and be protected by the stay without either redemption of the property or reaffirmation of the secured debt." *In re Rowe*, 342 B.R. 341, 351 (Bankr. D. Kan. 2006); *see also In re Cracker*, 337 B.R. 549, 551 (Bankr. M.D.N.C. 2006) ("[P]ursuant to § 362(h)(1) the Debtor was also required to indicate on her timely filed Statement of Intention that she was either surrendering or retaining the Vehicle, and if retaining the Vehicle, that she was either redeeming the Vehicle or reaffirming the underlying debt.").

---

[8] The Sixth Circuit did not weigh in on either side of this issue; however, this court has previously held that "redemption or reaffirmation are the exclusive methods by which debtors under Chapter 7 may retain possession of secured property." *In re Whitaker,* 85 B.R. 788, 793 (Bankr. E.D. Tenn. 1988).

Section 521(a)(6), which makes no mention of the statement of intentions, has limited applicability, however, as it only applies to creditors holding "allowed claims" for personal property that are subject to purchase money security interests. *See Rowe*, 342 B.R. 347-49 (citing H.R. REP. NO. 109-31, Pt. 1, at 70-71 (2005)). If those restrictions apply, § 521(a)(6) directs that unless a debtor enters into a reaffirmation agreement or redeems the personal property within forty-five days "after the first meeting of creditors," the automatic stay is terminated, the property is no longer property of the estate, and the creditor may take whatever action is allowed under nonbankruptcy law, unless the trustee files a motion within that forty-five day period, and the court determines, after notice and a hearing, that the property is of consequential value or benefit to the estate.[9]

Clearly, there are inconsistent time restrictions in § 521(a)(2) and (a)(6). Subsection (a)(2), in conjunction with § 362(h), requires a debtor to file a statement of intention indicating reaffirmation, redemption, or surrender at a point no later than thirty days after the debtor's case is filed and to perform such intention within thirty days after the first date of the meeting of creditors to avoid termination of the automatic stay as to personal property, which then ceases to be property of the debtor's bankruptcy estate. On the other hand, subsection (a)(6) requires a debtor to actually enter into a reaffirmation agreement or to redeem personal property subject to a purchase money security interest within forty-five days after the first meeting of creditors, or else the automatic stay is terminated, the property is no longer property of the estate, and the creditor is authorized to pursue its non-bankruptcy remedies to obtain possession of the property. There is no explanation for the

---

[9] Once again, as under § 362(h)(2), the court is required to order adequate protection to the affected creditors and to order the debtor to deliver the affected personal property to the trustee.

fifteen-day differential between these two statutory requirements,[10] which raises serious questions as to statutory interpretation in light of the fact that the court is not aware of any statutory authority for reinstating the automatic stay once it has terminated by operation of law,[11] or for re-vesting personal property into a bankruptcy estate once it has been removed therefrom.

Fortunately, or unfortunately, depending upon one's point of view, the court need not attempt to resolve the § 521(a)(2) and (a)(6) inconsistent time restrictions within the context of the present bankruptcy case. In the first place, the Debtor's Statement of Intention does not comply with the mandatory requirements of § 521(a)(2)(A) that a debtor shall specify whether property to be retained is to be retained by redemption or reaffirmation but instead recites with respect to the PT Cruiser that "Debtor will retain collateral and continue to make regular payments." Therefore, reaffirmation and redemption were never an option, and § 521(a)(6) cannot apply. Secondly, the Trustee timely filed her Motion under § 362(h)(2), which prevented the automatic stay from terminating due to the Debtor's failure to comply with § 521(a)(2). Because the stay termination provisions of both

---

[10] Invariably, an individual debtor's failure to perform his or her statement of intention within thirty days of the "first date set for the meeting of creditors" will, as to personal property, trigger the stay termination provisions of § 362(h)(1), thereby trumping the forty-five day stay termination provisions of § 521(a)(6). To further compound the issue, the performance period under § 521(a)(2)(B) is fixed at "within 30 days after the first date set for the meeting of creditors" while the forty-five day performance requirement of § 521(a)(6) is fixed at "not later than 45 days after the first meeting of creditors." The "first date" of the meeting of creditors requirement of § 521(a)(2)(B) will be clearly identified and established in each chapter 7 case. The date "after the first meeting of creditors" provided for in § 521(a)(6) can properly be construed to provide a forty-five day performance window from the date the first creditor's meeting is completed, which may or may not be on the "first date set" for the meeting of creditors.

[11] *See also* 11 U.S.C. § 362(c), which states in material part:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section [not applicable]—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate[.]

11 U.S.C. § 362(c)(1) (2005).

§ 521(a)(2) and (a)(6) are the same, and because the relief available to the Trustee is also identical under both statutes, the filing of the Trustee's Motion under § 362(h) would, were § 521(a)(6) applicable, sufficiently serve to negate the automatic stay termination provisions of § 521(a)(6) pending resolution of the Motion.

### III

The Trustee also asks the court to grant the Debtor additional time to provide her tax returns to the Trustee.  In addition to the expanded filing requirements set forth in § 521(a), BAPCPA also imposes additional disclosure duties upon debtors, including the requirement to produce tax returns as follows:

> (e) . . .
>
>    . . . .
>
>    (2)(A) The debtor shall provide—
>
>       (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed[.]
>
>    . . . .
>
>    (B) If the debtor fails to comply with clause (i) . . . of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2).

The first date set for the Debtor's first meeting of creditors was June 6, 2006. Based upon the Trustee's Motion requesting additional time for the Debtor to do so, the court can presume that she did not produce the required tax returns at least a week prior to that date, and that she still had not supplied them to the Trustee as of June 22, 2006, the date upon which the Trustee filed her Motion. In support of her Motion, the Trustee states that she has no evidence that the Debtor has not attempted to provide her tax returns in good faith, based upon the Debtor's testimony at the meeting of creditors.

In the only two cases thus far examining this issue, it has been held that "[w]here, as here, dismissal is contrary to the interest of the estate and of creditors, the Trustee has the authority to waive an untimely delivery of documents simply by declining to file a motion." *In re Duffus*, 339 B.R. 746, 748 (Bankr. D. Ore. 2006).

> This Court agrees with the reasoning of the *Duffus* decision. If the Trustee has no discretion to waive an untimely filing under § 521(e)(2)(A), then dismissal would be automatic upon the Trustee's motion coming to the Court's attention, unless the debtor can satisfy § 521(e)(2)(B). Congress simply did not impose such a requirement. There is nothing in the language of § 521(e)(2) that suggests that Congress intended to limit the discretion traditionally exercised by trustees in performing their duties under federal bankruptcy law. This Court will not limit such discretion by implication. If anything, the language of § 521(e)(2)(B) was likely intended to limit the Court's discretion regarding the dismissal of a case for failure to timely deliver tax returns to the trustee as required under § 521(e)(2)(A). If a trustee or other party in interest brings a debtor's failure to timely comply with § 521(e)(2)(A) to the Court's attention, the Court must dismiss the case, unless the debtor can establish that such failure is excused as being due to circumstances beyond the debtor's control within the meaning of § 521(e)(2)(B).

*In re Grasso*, 341 B.R. 821, 824-25 (Bankr. D.N.H. 2006).

The court disagrees with these holdings, however, as being contrary to the wording of § 521(e)(2). The statute expressly states that debtors "shall" provide their most recent tax return to the trustee "no later than" one week prior to the first date set for the first meeting of creditors, and if the debtor does not do so, the court "shall" dismiss the case "unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2). This language does not instruct or authorize the Trustee to file a motion requesting an extension of time to allow compliance. Nowhere within this provision are motions or extensions mentioned. Similarly, based upon the clear wording of § 521(e)(2)(B), the court has little discretion, and, in fact, the statute clearly provides that it is only the Debtor who may prevent dismissal for failure to comply with subsection (e)(2)(A). Other than being the party to whom the tax return is to be provided, the Trustee is not implicated in this statute. There is simply nothing within § 521(e)(2) to allow the Trustee to request an extension on the Debtor's behalf, and in any event, the Trustee has not provided the court with any reasons behind her request to demonstrate that the Debtor's failure to comply was due to circumstances beyond the Debtor's control.

Pursuant to § 521(e)(2)(A), the Debtor was required to produce her 2005 Form 1040 Individual tax return to the Trustee by May 30, 2006, seven days before the June 6, 2006 initial meeting of creditors. Unless the Debtor is able to show cause otherwise, i.e., establish that her failure to comply was due to circumstances beyond her control, the court "shall" be required to dismiss the Debtor's case. Accordingly, the Trustee's Motion will be denied, and the court will require the Debtor to appear and show cause why her case should not be dismissed for failure to comply with § 521(e)(2)(A).

**IV**

Finally, the Trustee asks the court to decline dismissing the Debtor's case under 11 U.S.C. § 521(i)(4).[12]  Section 521(i) provides in its entirety:

> (i)(1)  Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 . . . fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
>
> (2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case.  If requested, the court shall enter an order of dismissal not later than 5 days after such request.
>
> (3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under section (a)(1) if the court finds justification for extending the period for the filing.
>
> (4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C. § 521(i).

Subsection (i) deals with the Debtor's failure to file all information required under § 521(a)(1) within 45 days of the petition.  *In re Fawson*, 338 B.R. 505, 510 (Bankr. D. Utah 2006) ("The section provides that the case is automatically dismissed on the 46th day if an individual

---

[12] *See supra* n.2.

debtor fails to file the § 521(a)(1) papers within 45 days of filing the petition."). Section 521(a)(1), as material to the Trustee's Motion to decline dismissing the case under § 521(i)(4), provides:

> (a)  The debtor shall—
>
> > (1) file—
> >
> > > . . . .
> > >
> > > (B) unless the court orders otherwise—
> > >
> > > > . . . .
> > > >
> > > > (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor[.]

11 U.S.C. § 521(a)(1).

The Trustee's shotgun approach by the filing of the present Motion is made apparent by this request. She does not aver that the Debtor failed to file the payment advices required pursuant to § 521(a)(1)(B)(iv). Rather, she asks the court to "decline to dismiss the case under § 521(i)(4)."[13] Had the Trustee reviewed the docket sheet readily available to her through the court's electronic case filing system, she would have ascertained that the Debtor filed her Statement Regarding Payment Advices or Other Evidences of Payment on May 3, 2006, the day after she commenced her bankruptcy case. The § 521(i)(4) aspect of the Trustee's Motion will be denied.

---

[13] *See supra* n.2, n.12.

**V**

In summary, the Trustee's Motion will be granted in part and denied in part as follows:

    A. With respect to her request that the automatic stay continue in effect, the Motion will be granted as to the PT Cruiser, and the Debtor will be required to immediately turn over possession of this vehicle to the Trustee.

    B. With respect to her request for an extension of time within which the Debtor must provide tax returns to the Trustee pursuant to § 521(e)(2)(A)(i), the Motion will be denied. The Debtor will, however, be required to appear and show cause why this bankruptcy case should not be dismissed upon her failure to comply with § 521(a)(2)(A)(i).

    C. With respect to the Trustee's request that the court decline to dismiss the Debtor's case under § 521(i)(4) for her failure to comply with § 521(a)(1)(B)(iv), the Motion will be denied.

FILED:   August 2, 2006

                                            BY THE COURT

                                            /s/ RICHARD STAIR, JR.

                                            RICHARD STAIR, JR.
                                            UNITED STATES BANKRUPTCY JUDGE